IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| RANDY CARRIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4114-JAR |
| ) | |
| MIDWEST OFFICE TECHNOLOGY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## AGREED PROTECTIVE ORDER

WHEREAS, certain items may be produced in discovery may contain confidential information, the public disclosure of which would cause injury. THEREFORE, the Court finds that good cause exists for this Court to enter the following Protective Order:

1. This Order shall govern any testimony given at any deposition or pre-trial hearing or proceeding in this action, as well as all documents, filings, or other material produced, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise. Any party to this litigation or any third party served with a subpoena shall have the right, before disclosure to other parties to designate materials it produces or provides as "CONFIDENTIAL" as defined in Paragraph 2 and as specified herein. Production of any document or materials without a designation or with the incorrect designation will not be deemed to waive a later designation of "CONFIDENTIAL" as long as the producing person promptly makes the appropriate designation.

2. a. "Confidential materials" shall mean any document, file, portions of files, transcribed testimony, as well as any extract, abstract, chart, summary, note, or copy made therefrom that include tax returns, income statements, bank statements, trade secret and proprietary information, personnel files of employees of Midwest Office Technology, Inc., health history information of Randy Carrier and other employees of Midwest Office Technology, Inc., and all other information necessary for disclosures during discovery and trial of this case that is subject to HIPAA..

3. This Order shall be without prejudice to the right of any party:

   a. to have determined by motion, at any time, whether any information has been improperly designated as either "CONFIDENTIAL" as those terms are defined in Paragraph 2(a). In any such motion, the party asserting the "CONFIDENTIAL" status shall have the burden of establishing that that status should be sustained; and

   b. to apply to the Court for relief from any requirements hereof, for good cause.

3. The parties shall take all necessary precautions to prevent any disclosure of the materials subject to this Protective Order as authorized herein. Individuals authorized to review materials subject to this Protective Order shall not divulge the materials or their contents, either verbally or in writing, to any person not otherwise authorized to receive such information, or any government agency, unless authorized or directed to do so by a further court order, as required by law, or by the written consent of the parties. Information designated with the legend "CONFIDENTIAL" shall be available only to "qualified persons" as defined in Paragraph 5(a).

4. a. "Qualified person" shall mean:

   i) The parties;

   ii) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers;

   iii) Outside counsel for the parties, including all partners, members and associate attorneys of such counsel's law firms, and all paralegal assistants, stenographic, clerical and other employees thereof when operating under the direct or indirect supervision of such partners, members, or associate attorneys; and

   iv) Independent experts or consultants retained in connection with the trial preparation and/or presentation of this case. Counsel for the party

       retaining the expert or consultant shall obtain a Written Assurance from him or her in the form attached hereto as Exhibit "A" prior to disclosing the confidential information.

    v)  Any other person with the prior written consent of the designating party or by order of the Court.

5. If a "CONFIDENTIAL" document or any such information is used in a deposition, the party who has designated the document as "CONFIDENTIAL" or may identify any discussion of the document in the deposition transcript as "CONFIDENTIAL" or within ten (10) days of receipt of the deposition transcript. Under no circumstances does the use of a "CONFIDENTIAL" or document in a deposition or in any other proceeding waive the document's confidentiality designation.

6. A lawyer designating information as "CONFIDENTIAL" shall do so only after a review of the information and only based upon a good faith belief that it is confidential or otherwise entitled to protection.

7. The designation of documents as "CONFIDENTIAL" will not act to prevent the use of that document at trial or in any proceeding with the Court. Whenever any party desires to file any pleading containing "CONFIDENTIAL" information or documents designated as "CONFIDENTIAL," said party shall first seek leave of Court through written motion to file the designated documents under seal. Upon receiving leave to file said documents under seal, such document or pleading shall be filed under seal and shall display a bold heading on its first page stating substantially the following: "**FILED UNDER SEAL – SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE**." Whenever any documents or information designated as "CONFIDENTIAL" are to be used in any court proceeding, the party intending to use such documents or information shall advise the Court to allow the Court to take appropriate steps to preserve the confidentiality of such documents or information.

8. Nothing herein should be interpreted as a waiver of any objection to the admissibility at trial of any document produced hereunder. The parties agree that the production of a document in discovery does not render that document admissible at trial, and the determination of trial admissibility must be made according to the Federal Rules of Evidence.

9. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties

shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party objecting to the designation may seek appropriate relief from this Court.  The party seeking to protect information shall have the burden of proving the appropriateness of the level of protection sought.  All parties shall continue to treat any information designated as "CONFIDENTIAL" consistent with the terms of this Protective Order pending any motion to challenge such a designation and until such designation is altered or amended by Order of this Court or amended by agreement of the parties.

10. The Court shall retain jurisdiction to make such amendments, modifications, or additions to this Order as the Court may from time to time deem appropriate, and any party may apply to the Court at any time for an amendment, modification, or addition to the Order.

11. This Order shall continue to be binding upon the parties and all other persons to whom materials subject to this Protective Order have been disclosed after the termination of this action.  This Court shall retain continuing jurisdiction to enforce the terms of this Order.


Dated: 3/2/2006                           s/ K. Gary Sebelius
                                          United States Magistrate Judge


Approved by:
/s/ J. Steven Pigg
J. Steven Pigg, KS#09213
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street
P.O. Box 949
Topeka, Kansas 66601
**ATTORNEY FOR PLAINTIFF**



/s/ Patrick R. Miller
Patrick R. Miller,  KS#17277
DEZUBE MILLER P.A.
10100 West 87th Street, Suite 202
Overland Park, KS  66212
Telephone:     (913) 385-0355
Facsimile:     (913) 385-1948
**ATTORNEY FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| RANDY CARRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4114 |
| | ) |
| MIDWEST OFFICE TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## EXHIBIT A
## AGREED PROTECTIVE ORDER

I, _____, currently employed by
       (Full Name)                                                         (Current Employer)
as an _____, have been retained as an expert or consultant
       (State occupation or position)
on behalf of _____. I have reviewed the Agreed Protective Order
                          (Party)
entered in this case. I understand its terms and agree to fully abide by the limitations as set

out therein. I hereby swear or affirm that I am not a competitor, nor am I employed by a

competitor, of any party whose confidential information may be disclosed to me in this matter.


                                        By:   _____
                                                              (Signature)